IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-03118-PAB-KLM

LYNN DELL BUSBY,

      Plaintiff,

v.

TRACY ELIZABETH BUSBY,

      Defendant.

---

## SECOND ORDER TO SHOW CAUSE

---

The Court takes up this matter *sua sponte* on the filing of Docket No. 8 by plaintiff Lynn Dell Busby.

Plaintiff initiated this lawsuit on November 19, 2021.  Docket No. 1.  On December 9, 2021, the Court issued an order to show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.  Docket No. 7 at 3. The Court noted that Docket No. 1 failed to comply with Fed. R. Civ. P. 8 because it did not indicate what relief was sought or the basis for the Court's jurisdiction.  *Id.* at 2. Docket No. 1 was also not filed on the general complaint form for pro se filing parties, which the Court attached to the Order to Show Cause for plaintiff's convenience.  *Id.* at 2-3.  The Court ordered that, on or before December 23, 2021, plaintiff show cause why the case should not be dismissed due to the Court's lack of subject matter jurisdiction and ordered plaintiff to file an amended complaint on the proper form curing the deficiencies.  *Id.* at 3.  On December 17, 2021, plaintiff filed an amended complaint on

the proper form.  Docket No. 8.  Plaintiff, however, did not file a response to the Order

to Show Cause by December 23, 2021, and the Court accordingly construes plaintiff's

amended complaint to be his response to the Order to Show Cause.

      In every case and at every stage of the proceeding, a federal court must satisfy

itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *See*

*Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628

F.2d 1289, 1297 (10th Cir. 1980).  Absent an assurance that jurisdiction exists, a court

may not proceed in a case.  *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427

F.3d 1238, 1245 (10th Cir. 2005).  Courts are well-advised to raise the issue of

jurisdiction on their own, regardless of parties' apparent acquiescence.  First, it is the

Court's duty to do so.  *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir.

1988).  Second, regarding subject matter jurisdiction, "the consent of the parties is

irrelevant, principles of estoppel do not apply, and a party does not waive the

requirement by failing to challenge jurisdiction."  *Ins. Corp. of Ir. v. Compagnie des*

*Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted).  Finally, delay in

addressing the issue only compounds the problem if, despite much time and expense

having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  *See*

*U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL

2338116, at *3 (D. Colo. July 28, 2009).

      "The party invoking federal jurisdiction bears the burden of establishing such

jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220,

1224 (10th Cir. 2004).  The amended complaint claims that there is a "Federal question

pursuant to 28 U.S.C. § 1331." Docket No. 8 at 3. However, immediately thereafter, plaintiff wrote that there is jurisdiction under § 1332(a) because "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive on interest and costs, and is between –[.]"[1] Plaintiff states that he is a citizen of Colorado and defendant is a citizen of the United States of America. *Id.*

The amended complaint states that plaintiff brings two claims for relief. The first is titled "Bank of America bank fraud Court order income affidavit suppression perjury acknowledgment violations." *Id.* at 4. Plaintiff states that defendant and her "overnight downstairs room[m]ate" drove to Dallas, Texas and opened up a Bank of America bank account, which plaintiff subsequently received an email about from the bank.[2] *Id.* Plaintiff then states that defendant "and her attorney denied and suppressed those occurrences in [defendant's] financial affidavit completion to her attorney and Court. Perjuriours [sic] allegation denial of a factual question [sic]." *Id.* Plaintiff's second claim is for a physical and mental examination of defendant pursuant to C.R.C.P. 35. *Id.* at 5. Plaintiff seeks damages of $200,000 plus interests and costs. *Id.* at 6.

Plaintiff's complaint once again fails to explain the basis for the Court's jurisdiction. Title 28 U.S.C. § 1332(a)(1) grants the Court jurisdiction over cases

---

[1] Plaintiff's sentence ends here.

[2] Plaintiff attached a letter he wrote to Bank of America wherein he identifies himself as defendant's "current husband." Docket No. 8 at 9. He provides additional information that defendant visited a Bank of America branch location on January 21, 2021 and asked the bank to explain the purpose of defendant opening a bank account. *Id.*

between citizens of different states where the amount in controversy exceeds $75,000.
The amended complaint does not meet either prong.  Plaintiff states that he is a citizen
of Colorado.  *Id.* at 3.  However, plaintiff does not indicate the citizenship of defendant,
beyond that she is an American citizen.  *See generally* Docket No. 8.  The Court is
therefore unable to determine whether the case is between citizens of different states.
Additionally, plaintiff has not indicated the value of the bank account in question or how
the matter in controversy exceeds $75,000, besides simply stating that he seeks to
recover $200,000.  Finally, the Federal Rules of Civil Procedure, not the Colorado
Rules of Civil Procedure, apply to this case.

Because the Court is unable to determine the citizenship of defendant and the
amount in controversy, the Court cannot determine whether it has jurisdiction.  *See
United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491,
1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must
allege in his pleading the facts essential to show jurisdiction." (quotations omitted)).  It is
therefore

**ORDERED** that, on or before **January 17, 2022**, plaintiff shall show cause why
this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED January 4, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

4